# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No. | CV 16-08711-CAS (JDE) | Date | April 26, 2017 |
| Title | Deshawn D. Darby v. Los Angeles County Sheriff Dept., et al., | | |

**Present: The Honorable** John D. Early

| Ivette Gomez | n/a |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiff: | Attorneys Present for Defendant: |
| n/a | n/a |

**Proceedings: (In Chambers)** Order to Show Cause Why Case Should Not Be Dismissed for Failure to File Amended Complaint and Comply With Court Orders

## I.
## BACKGROUND

Plaintiff Deshawn D. Darby ("Plaintiff"), a prisoner in California state custody, filed a civil rights Complaint pursuant to 18 U.S.C. § 1983 against a number of defendants, including a number of fictitiously-named defendants, all affiliated with the Twin Towers Correctional Facility ("TTCF") in Los Angeles, California, stemming from allegations of mistreatment of Plaintiff at TTCF. On January 19, 2017, Plaintiff's request to proceed *in forma pauperis* was granted.

By Order dated January 24, 2017 (the "Jan. 24 Order," Dkt. No. 9), the Court, after screening the Complaint as required under 28 U.S.C. § 1915(e)(2), determined that the Complaint stated a cause of action against defendants Huffman, Williams, Cater, Hinton and Kelly in their individual capacities only, and did not state a cause of action against any defendant in his or her official capacity and did not state a cause of action against any other purported defendant. (Jan 24 Order at 3-4). The Jan. 24 Order advised Plaintiff that he did not need to further respond to the Jan. 24 Order if "if he only wishes to pursue this action against defendants Huffman, Williams, Carter, Hinton, and Kelly in their individual capacities." (Id. at 4-5). The Order further advised that in "the event plaintiff desires to pursue an action against any of the other named defendants, within 30 days of this Order, plaintiff must file a First Amended Complaint" which, among other requirements, was ordered to be "complete in and of itself without reference to the original complaint or any other pleading, attachment or document." (Id. at 5).

On February 13, Plaintiff filed a Motion for First Amended Complaint ("the Motion" Dkt. No. 16), by which Plaintiff requested "leave to file an amended complaint adding a party." (Motion at 1). The Motion made reference to two additional parties which Plaintiff wished to add

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | CV 16-08711-CAS (JDE) | Date | April 26, 2017 |
|---|---|---|---|
| Title | Deshawn D. Darby v. Los Angeles County Sheriff Dept., et al., | | |

to his Complaint. (Id. at 1-5).

In response to the Motion and other filings by Plaintiff, the Court issued an Order dated February 15, 2017 (the "Feb. 15 Order," Dkt. No. 19) granting Plaintiff leave to "file a First Amended Complaint within 30 days of the date of this Order" and further ordering that the "First Amended Complaint" must be "complete in and of itself without reference to the original complaint." (Feb. 15 Order at 1).

The deadline to file the First Amended Complaint was April 17, 2017. As of the date of this Order, Plaintiff has not filed a First Amended Complaint nor sought additional time to do so.

## II.
## DISCUSSION

Rule 41(b) of the Federal Rules of Civil Procedure authorizes dismissal "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order." In Carey v. King, 856 F.2d 1439 (9th Cir. 1988), the Ninth Circuit cited the following factors as relevant to the Court's determination whether to dismiss an action for failure to prosecute: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits, and (5) the availability of less drastic sanctions." Id. at 1440; see also Yourish v. California Amplifier, 191 F.3d 983, 991-92 (9th Cir. 1999) (affirming dismissal for failure to timely file an amended complaint, applying the five factors).

Here, after Plaintiff requested leave to file a First Amended Complaint, he was granted 30 days to do so, and yet did not file a First Amended Complaint within the time authorized and did not seek leave for additional time, or provide any explanation for his failure. Plaintiff is in violation of a Court order, and as a result of his violation and failure to prosecute, left the state of the pleadings in this case uncertain.

## III.
## ORDER

Plaintiff is therefore **ORDERED TO SHOW CAUSE** why this action should not be dismissed with prejudice by filing a written response by **no later than May 10, 2017** in which Plaintiff: (1) sets forth any claimed "good cause" for the failure to timely file a First Amended Complaint as directed by the Court; (2) sets forth any and all reasons why this case should not be dismissed with prejudice; and (3) if Plaintiff believes the case should not be dismissed, lodges a proposed First Amended Complaint, subject to the Jan. 24 Order and to renewed screening by the Court.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 16-08711-CAS (JDE) | Date | April 26, 2017 |
|---|---|---|---|
| Title | Deshawn D. Darby v. Los Angeles County Sheriff Dept., et al., | | |

Instead of filing a written response to the matters addressed in this Order, Plaintiff may voluntarily dismiss the entire action by filing a Notice of Dismissal form pursuant to Rule 41 of the Federal Rules of Civil Procedure. The Clerk is directed to provide Plaintiff with a blank Notice of Dismissal Form (CV-09).

**The Court warns Plaintiff that failure to timely file a response to this Order may also result in the Court dismissing this action with prejudice as untimely and for failure to prosecute and comply with Court orders.** See Fed. R. Civ. P. 41(b)

|  | : |  |
|---|---|---|
| Initials of Preparer | ig | |